# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **FRANCIS OKIEMUTE AKPORE,** | } |
| Petitioner, | } |
| v. | } Case No.: 4:18-cv-0290-MHH-JEO |
| **SCOTT HASSELL, et al.,** | } |
| Respondents. | } |

## MEMORANDUM OPINION

On October 22, 2018, petitioner Francis Akpore filed a Motion for Hearing in which he asked the Court to direct the respondents to "immediately return" him to the United States from Nigeria. (Doc. 18 at 4). On November 15, 2018, the respondents moved to dismiss Mr. Akpore's habeas petition. The respondents argue that Mr. Akpore's habeas petition is moot because Mr. Akpore has been removed from the United States. (Doc. 19; Doc. 19-1, Pitman Decl. (stating that Mr. Akpore was removed from the United States to Nigeria on August 14, 2018)).[1]

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*,

---

[1] In his Motion for Hearing, which was mailed from Nigeria on September 25, 2018, Mr. Akpore confirms that he has been deported to Nigeria. (*See* Doc. 18 at 3-5).

112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted). Because Mr. Akpore has been removed from the United States to Nigeria, this Court no longer may provide meaningful relief. Thus, the Court finds that Mr. Akpore's petition for writ of habeas corpus is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003).

Accordingly, the Court will dismiss this action and will deny Mr. Akpore's "Motion for Hearing" as moot.[2]

A separate order will be entered.

The parties shall bear their respective costs.

**DONE** this 6th day of December, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Mr. Akpore contends that the respondents removed him from the United States without a valid order, misrepresented his immigration status, and confiscated his valid Nigerian passport (Doc. 20, ¶ 1), this Court is without jurisdiction to address these matters because Mr. Akpore no longer is in ICE custody. *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (concluding "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention"). The finding that this Court may not provide relief in this habeas proceeding does not limit Mr. Akpore's ability to seek in other court proceedings redress for his contention that his removal was improper.